IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 11-10204-01-JTM

KEANDRE JOHNSON,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Johnson's *pro se* request dated March 25, 2019 for a recommendation that he be placed in a community treatment center (Dkt. 69). While defendant's letter was docketed as a motion to reduce sentence under the First Step Act, the court interprets defendant's letter as a request for the court to either modify his sentence or issue an order directing the United States Bureau of Prisons (BOP) to place him in a halfway house or community treatment center for the last twelve months of his sentence. The court applauds defendant's efforts while in BOP custody to take advantage of the programs offered to prepare himself for life outside of custody and to improve his relationship with his children, but, for the reasons set forth below, lacks the jurisdiction to grant the relief defendant requests.

On April 26, 2012, defendant was sentenced to 120 months in custody for felony possession of a firearm. (Dkt. 51). At the time of sentencing, the court recommended that the BOP place defendant in a facility as close to Wichita as feasible. (*Id.*). He is currently residing at the Federal Medical Center, but requests placement for 12 months in a

community treatment center or halfway house under the Second Chance Act, 18 U.S.C. §3624(c). (Dkt. 69).

The Second Chance Act provides "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1). The Director's duty to comply with 18 U.S.C. §3624(c)(1) exists independently of any specific court recommendation or order. *See* 18 U.S.C. §3624(c)(6) (requiring the Director to issue regulations ensuring that inmates are placed in community correctional facilities on an individual basis and in a manner consistent with the Act).

In fact, the court lacks the authority to issue any binding order upon the BOP with respect to an inmate's placement in a community corrections facility. *See* 18 U.S.C. §3621(b) ("Any order, recommendation, or request by a sentencing court that convicted a person to serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."). The Tenth Circuit recognizes that although there is mandatory language within §3624(c), nothing in the statute "indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992), *cert. denied* 510 U.S. 830, 114 S.Ct. 98 (1993) (citing *United States v.*

*Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society.")). The Tenth Circuit further emphasizes the "broad administrative discretion traditionally recognized with respect to the placement of prisoners." *Id.* at 470.

"The BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility." *Levine v. Apker*, 455 F.3d 71, 83 (2d Cir. 2006). The BOP is also better suited to that role, as its officials have closer contact with individual inmates and greater knowledge concerning the availability and attributes of various correctional facilities. Because the court lacks the authority to order the BOP to place Johnson in a community correction facility, Johnson's *pro se* motion (Dkt. 69) is DENIED.

IT IS SO ORDERED.

Dated this 17th day of June, 2019.

s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT
